Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| **Ira I. Hall**, an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Global Acceptance Credit Corporation**, a Texas corporation; | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff alleges as follows:

**I.   PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Plaintiff seeks

to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II. STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

|   |     |
|---|-----|
| 1 | the collection of any debts, or who regularly collects |
| 2 | or attempts to collect, directly or indirectly, debts |
| 3 | owed or due or asserted to be owed or due to another. |
| 4 | FDCPA § 1692a(6). |
| 5 | 7. Any debt collector who fails to comply with the |
| 6 | provisions of the FDCPA is liable for any actual damage |
| 7 | sustained; statutory damages up to $1,000; attorney's |
| 8 | fees as determined by the Court and costs of the action. |
| 9 | FDCPA § 1692k. |

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Prescott Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.   PARTIES

9. Plaintiff is a citizen of Mohave County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA §1692a(3).
11. Defendant Global Acceptance Credit Corporation (hereinafter "Global Acceptance") is a Texas corporation.
12. Global Acceptance regularly collects or attempts to collect debts owed or asserted to be owed or due another, or debts it has purchased after default, and is

- 3 -

a "debt collector" as defined by FDCPA §1692a(6).

## V.   FACTUAL ALLEGATIONS

13. Plaintiff took out a loan with Beneficial Finance for personal, family, and/or household purposes.
14. Plaintiff subsequently defaulted on the Beneficial loan.
15. Beneficial assigned or sold Plaintiff's account to Global Acceptance.
16. Prior to August 15, 2006, Global Acceptance sent Plaintiff a letter concerning the Beneficial debt.
17. After receipt of the letter, on or about August 15, 2006, Plaintiff sent Global Acceptance a letter demanding that it cease all communications to Plaintiff concerning the Beneficial debt pursuant to the FDCPA, 15 U.S.C. § 1692c(c).  (Copy of August 15, 2006 letter attached hereto as Exhibit A).
18. On or before August 22, 2006, Global Acceptance received Plaintiff's letter instructing it to cease all communications.
19. Despite receiving Plaintiff's letter, on August 22, 2006, Global Acceptance sent Plaintiff a subsequent letter in an effort to collect the Beneficial debt from Plaintiff (Copy of August 22, 2006 letter attached hereto as Exhibit B).
20. After receiving Exhibit B from Global Acceptance, Plaintiff was concerned that Global Acceptance did not respect his request to cease communications concerning

the Beneficial debt.

21. Plaintiff contacted legal counsel with Community Legal Services in Kingman, Arizona.

22. Global Acceptance failed to comply with the FDCPA requirement, 15 U.S.C. § 1692c(c), that upon receipt of a written request, the debt collector shall cease all communications with the consumer except as expressly provided by the Act.

23. As a result and proximate cause of Global Acceptance's actions, Plaintiff has suffered actual damages, including, but not limited to, emotional distress.

24. Defendant's actions were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

25. In the alternative, Defendant's actions were negligent.

## VI.   CAUSES OF ACTION

### a.   Fair Debt Collection Practices Act

26. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

27. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§1692c(c), 1692e, and 1692e(10).

28. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

### VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to §1692k;

b) Actual damages in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED     October 16, 2006    .

**FLOYD W. BYBEE, PLLC**

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

- 6 -